UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE MEDICAL PROTECTIVE COMPANY,

Plaintiff,

v.

INNOVA PHYSICAL THERAPY LLC;
BRETT SWIGARD;

Defendants.

NO.

**PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff The Medical Protective Company ("MedPro") brings this action for declaratory relief pursuant to 28 U.S.C §2201(a) and alleges as follows:

## I.    PARTIES

1.1    Plaintiff MedPro is an Indiana Corporation engaged in the business of insurance in Washington. MedPro's principal place of business is in Fort Wayne, Indiana.

1.2    Innova Physical Therapy, LLC ("Innova") is a Washington professional limited liability company with its principal place of business in King County, Washington. Upon information and belief, all members of Innova are residents of Washington.

1.3    Upon information and belief, Brett Swigard resides in Redmond, Washington.

1.4    Collectively, Innova and Swigard will be referred to as the "Underlying Defendants."

PLAINTIFF'S COMPLAINT FOR
DECLARATORY RELIEF - 1

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

## II.   JURISDICTION AND VENUE

2.1    The amount in controversy exceeds $75,000, exclusive of costs and interest.

2.2    This court has jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §2201.

2.3    Venue in this court is proper under 28 U.S.C. §1391 because at least one defendant resides in King County, Washington.

2.4    An actual controversy exists between the parties as to whether the policy of insurance issued by MedPro provides defense and/or indemnity coverage to Innova for claims made by the underlying plaintiffs in the Superior Court in the County of King, Case No. 23-2-00973-8 (the "Underlying Action"). The Second Amended Complaint is attached as **Exhibit 1**.

## III.   FACTS

### Underlying Claims

3.1    On or about January 17, 2023, underlying plaintiffs filed their Complaint against Underlying Defendants in the Underlying Action.

3.2    In the Underlying Action, the underlying plaintiffs allege that Mr. Swigard, while teaching a physical therapy class at a dance studio, inappropriately touched several of the minor dance participants.

3.3    The Second Amended Complaint asserts three causes of action against the Underlying Defendants: negligence; failure to obtain informed consent; and discrimination in a place of public accommodation under the Washington Law Against Discrimination (WLAD).

3.4    All of the causes of action alleged against the Underlying Defendants result from the alleged inappropriate sexual touching. For instance, the Complaint in the Underlying Action states that Underlying Defendants were negligent when "Mr. Swigard engaged in unwanted, non-consensual sexual contact with Plaintiffs and therefore violated the standard of care." **Exhibit 1**, ¶ 39. The claim for failure to obtain informed consent arises because the contact from Mr. Swigard "was unwanted, unauthorized and caused harm." **Exhibit 1**, ¶ 42. Furthermore,

PLAINTIFF'S COMPLAINT FOR
DECLARATORY RELIEF - 2

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

their claim for violations of WLAD arise out of "Mr. Swigard's unwanted and unwelcome sexual touching." **Exhibit 1**, ¶ 47.

**The Insurance Policy**

3.5    MedPro issued a healthcare professional liability insurance policy to Innova, policy number K83980, which incepted on September 9, 2020 and expired on September 9, 2021 (the "Policy"). Subject to its terms, limitations, provisions, conditions, definitions, and exclusions the Policy provides professional liability coverage for "wrongful acts" with limits of $1,000,000 per claim and $3,000,000 in the aggregate. A copy of the Policy is attached as **Exhibit 2**.

3.6    The Policy's insuring agreement for professional liability provides coverage as follows: "We shall pay those amounts an Insured is legally obligated to pay to compensate others for damages resulting from an event based upon a wrongful act." **Exhibit 2**, pg. 21.

3.7    The Policy contains an exclusion for actual or alleged sexual misconduct as follows: The Policy shall not apply to any claim or suit based upon an event … Arising out of an Insured's actual or alleged sexual misconduct or inappropriate physical contact, or attempt threat or proposal thereof by an Insured or any other person for whom the Insured may be liable. The Company will, however, provide a defense to you for such allegations, subject to Section III. Sexual Misconduct Provision[.]" **Exhibit 2**, pg. 20.

3.8    The Sexual Misconduct Provision provides in relevant portion as follows:

A. We shall provide you with a defense… for all claims, potential claims and suits involving any actual or alleged sexual misconduct or inappropriate physical contact, or attempt, threat or proposal thereof, based upon professional services that take place during your policy period:
   1. by any Insured or any other person for whom you may be legally liable; and,
   2. with, or to, any former or current patient of an Insured, or with, or to, any relative or member of the same household as any patient, or with, or to, any person with whom the patient or relative has a personal relationship.
B. We shall not be obligated to undertake, nor continue to defend, any claim, potential claim, or suit after the Aggregate Sexual and Physical Misconduct

PLAINTIFF'S COMPLAINT FOR
DECLARATORY RELIEF - 3

Expense Limit stated in your Certificate is exhausted. The Company has no duty to pay any damages for any potential claim, claim or suit involving any actual or alleged sexual misconduct or inappropriate physical contact, or attempt threat or proposal thereof, based upon professional services.

**Exhibit 2**, pg. 23.

## IV.  FIRST CLAIM FOR RELIEF – DECLARATORY JUDGMENT OF NO DUTY TO INDEMNIFY

4.1    MedPro repeats and incorporates by reference the allegations of paragraph 1.1-3.8.

4.2    An actual controversy exists between the parties as to whether the Policy provides indemnity coverage to the Underlying Defendants for the claims in the Underlying Action.

4.3    All of the allegations in the Underlying Complaint arise from allegations of sexual misconduct and/or inappropriate physical contact.

4.4    The Policy explicitly excludes any coverage for claims arising out of the actual or alleged sexual misconduct or inappropriate physical touching, except to provide defense costs for such claims.

4.5    Accordingly, the Policy does not provide any indemnity coverage for the claims in the Underlying Action.

## V.    PRAYER FOR RELIEF

WHEREFORE, MedPro prays for relief against Defendants, as follows:

1.    For entry of declaratory judgment that MedPro has no duty to indemnify the Underlying Defendants with respect to the Underlying Action.

2.    For any other and further relief as the Court may deem just and equitable, including any attorney fees and costs allowed by law.

PLAINTIFF'S COMPLAINT FOR
DECLARATORY RELIEF - 4

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Dated:  March 11, 2024

GORDON REES SCULLY
MANSUKHANI, LLP


By: *s/Donald J. Verfurth*
     Donald J. Verfurth, WSBA #15554

By: *s/Stephanie M. Ries*
     Stephanie R. Ries, WSBA #35864

*Attorneys for Plaintiff The Medical*
*Protective Company*
Gordon Rees Scully Mansukhani, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100
Fax: (206) 689-2822
Email: dverfurth@grsm.com
            sries@grsm.com

PLAINTIFF'S COMPLAINT FOR
DECLARATORY RELIEF - 5

**GORDON REES SCULLY**
**MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822